Jtrocé Logan
delivered the opinion of the court.
The appellees exhibited their bill to recover from the appellant one half of certain negroes, and some personal property, on the following case, which the court below sustained and decreed accordingly:
The appellant, and the wife of Bowdry, were two of the legatees of William Thomas, to whom, among others, an equal interest in certain property was given, which, by the will, was directed to be sold. The appellant was one, and the only executor, who qualified; and having sold and purchased a negro girl, which he afterwards exchanged for another, who has had several children, she and her children Constitute the principal part of the property in controversy. Mrs. Bowdry, while sole, agreed with her brother, the appellant, to purchase some of the property, and he to purchase some, such as each might deem necessary or proper; that they would live together, unite their interests, and hold conjointly of the estate. They lived, it seems, upwards of twenty }rears in that situation, when she intermarried with the appellee, Bowdry, without ever having-received from the appellant, in any other manner, any part of her portion under the will of her father. Stock of various descriptions was raised by their joint industry, among which Were several head of horses from a mare purchased by the sister, and which have been equally divided, the appellant claiming that proportion for raising and taking care of the whole.
From the case as presented for the determination of this court, we can perceive but little difficulty in it, and that solely from some slight contrariety ⅛ the evidence, in relation to the agreement to becomd partners in the purchase, and to hold jointly of the estate on hand. From the weight of evidence, however, we think with the court below, that the agreement, as set forth, is 'fairly inferrible, and substaa- *242 Rally supported. And with respect to the distribution, ue der the decree, no objection is made.
Pope for appellant, Hardin and Talbot for appellee,
The decree must be affirmed with cost.